UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **APRIL MARIE WALKER ET AL** | **CASE NO. 2:21-CV-00923** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MOTOROLA MOBILITY L L C ET AL** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is a Motion to Dismiss [doc. 64] filed by defendant ZTE Corporation, f/k/a Zhongxing Telecommunication Equipment Corporation ("ZTE Corp") under Federal Rule of Civil Procedure 12(b)(2). Plaintiffs oppose the motion. Doc. 117.

### I.
#### BACKGROUND

This diversity action arises from Frank Aaron Walker's terminal brain cancer, allegedly caused by his use of defendants' cell phone products between 1995 and 2020. Doc. 25, pp. 5–7. Plaintiffs are Mr. Walker's surviving spouse and adult children. They have filed suit in this court against various cell phone manufacturers and telecommunications trade associations, raising tort claims under Louisiana law based on allegations that the phones were unsafe because their radiofrequency emissions exceeded the Specific Absorption Rate ("SAR") standard adopted by the FCC.[1] On a motion to dismiss filed by defendants under Rule 12(b)(6), the court found that any claims

---

[1] Plaintiffs also raised claims under the Louisiana Unfair Trade Practices Act ("LUTPA") and named as defendants CTIA and TIA, two telecommunications trade associations. Doc. 25. The court dismissed the LUTPA claim and all claims against CTIA and TIA, on the grounds that any claims challenging the FCC's radiofrequency emission standards (including certification procedures and testing protocols) for cell phones were preempted. Doc. 112.

challenging the FCC's radiofrequency emission standards (including certification procedures and testing protocols) for cell phones were preempted. Doc. 112. Accordingly, it dismissed all claims against the trade associations and a claim made under the Louisiana Unfair Trade Practices Act. The court allowed plaintiffs to proceed to the extent they could show that one or more of the phones exceeded the SAR standard under FCC protocols due to a defect caused by a defendant. *Id.*

ZTE Corp, one of the defendants, is a Chinese company and the manufacturer of the ZTE Grand X3 cell phone. This phone was allegedly purchased by Mr. Walker in 2016 and used beginning around that time. Doc. 25, ¶ 8. ZTE Corp moves for dismissal of the claims raised against it under Federal Rule of Civil Procedure 12(b)(2), asserting that the court lacks personal jurisdiction over it. Doc. 64. Plaintiffs oppose the motion. Doc. 117.

## II.
## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(2) deals with the court's personal jurisdiction over a party. A party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists, and so the plaintiff carries the burden on the defendant's challenge to personal jurisdiction. *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)). However, the plaintiff is only required to make prima facie showing. The court must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavit, in favor of jurisdiction. *Id.*

Two conditions must be satisfied before this court will assert personal jurisdiction: (1) the defendant must be amenable to service under the forum state's long-arm statute, and (2) the assertion of jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). The Louisiana long-arm statute is coextensive with the limits of due process. *E.g.*, *Laird v. Deep Marine Technology, Inc.*, 2004 WL 2984282, *1 (E.D. La. Dec. 7, 2004). The requirements are thus combined for the purpose of this analysis. *Id.*

In order for personal jurisdiction to comport with constitutional standards of due process, the plaintiff must show that (1) the defendant purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and (2) exercising jurisdiction over the defendant would not offend traditional notions of fair play and substantial justice. *Jones*, 954 F.2d at 1068. The "minimum contacts" prong may be met through contacts giving rise to either general or specific jurisdiction. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996). Specific jurisdiction, which is asserted here, exists when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008). Due process thus requires (1) minimum contacts purposefully directed at the forum state, (2) a nexus between the contacts and the claims, and (3) that the exercise of jurisdiction will be fair and reasonable (the second prong described above). *McFadin v. Gerber*, 587 F.3d 753,

759–60 (5th Cir. 2009); *see also ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012).

It is the plaintiff's burden to satisfy the first two prongs, with the burden then shifting to the movant to show that an exercise of jurisdiction would be unfair or unreasonable. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). To determine whether the "fair play" prong is met, the courts look to five factors: "(1) the burden on the nonresident defendant, (2) the forum state's interest, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *McFadin*, 587 F.3d at 759–60. "It is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 615 (5th Cir. 2008) (cleaned up).

### B. Application

The Fifth Circuit has "consistently followed a 'stream-of-commerce' approach to personal jurisdiction, under which the minimum contacts requirement is met so long as the court 'finds that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state.'" *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013) (quoting *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987)). A touchstone of minimum contacts review is "whether the defendant's conduct shows that it reasonably anticipates being haled into court" in the forum state. *McFadin*, 587 F.3d at 759 (internal quotations omitted). Accordingly, for the defendant's contacts to be a constitutionally sufficient basis

for the exercise of personal jurisdiction, they "must be more than random, fortuitous, or attenuated, or . . . the unilateral activity of another party or third person." *Ainsworth*, 716 F.3d at 177 (internal quotations omitted). "Mere foreseeability and awareness" are only enough if the product "made its way into the forum state while still in the stream of commerce." *Zoch v. Magna Seating (Ger.) GmbH*, 810 F. App'x 285, 290 (5th Cir. 2020) But these do not suffice if the defendant supplies a component part without any control over the final product's sales or marketing. *Id.* at 292–93.

In their amended complaint plaintiffs' jurisdictional allegations are limited to the following:

- ZTE Corp is a Chinese company with headquarters in Shenzhen, China, and a United States office in Richardson, Texas. Doc. 25, ¶ 5.
- "In or about 2016, Mr. Walker purchased and began using a ZTE Grand X3 cell phone." *Id.* at ¶ 8.

The amended complaint does not contain any allegations relating to how the phone was distributed in the United States. In support of its Motion to Dismiss, ZTE Corp has submitted a declaration in which it denies any specific contacts with Louisiana. Doc. 64, att. 2. It also denies plaintiffs' allegation that it maintains a United States office in Texas. Doc. 64, att. 1, p. 4. In response, plaintiffs point to the existence of United States subsidiary company, ZTE USA Corporation, and asserts with links to various websites that ZTE Corp "sells its cell phones in the U.S., including Louisiana, through ZTE USA, its online store,

its Amazon store, and wireless service providers."[2] Doc. 117, pp. 5–6. It further points to a guide issued by Cricket Wireless and ZTE Corp, identifying ZTE Corp as the 'seller" of the Grand X3 phone in the warranty section.[3] It also points to ZTE Corp's contacts in the United States through ZTE USA, which boasts of eleven sales offices in the United States and a sizable presence in the American market as "the fourth largest smartphone vendor in the U.S., and the second largest in the pre-paid smartphone market in 2014."[4] ZTE Corp maintains, however, that any jurisdictional contacts of ZTE USA should not be imputed to it. Doc. 118. It also points to the lack of verified evidence supporting ZTE Corp's direct involvement in any sales or promotional activity in the United States. *Id.*

"The existence of a parent-subsidiary relationship is insufficient to establish personal jurisdiction over" a non-resident defendant. *Transure, Inc. v. Marsh and McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985) (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 336 (1925)). The subsidiary's jurisdictional contacts may be imputed to the parent, however, if the entities are alter egos or if one entity acts as an agent of the other. *In re Phenylpropanolamine (PPA) Prods. Liability Litig.*, 344 F.Supp.2d 686, 691 (W.D. Wash. 2003); *accord In re Chinese-Manufactured Drywall Prods. Liability Litig.*, 753 F.3d 521, 546 (5th Cir. 2014). Under Louisiana law, courts consider several

---

[2] The Amazon storefront does not indicate whether it is ZTE Corp or ZTE USA distributing the products. *See* ZTE, *available at* https://www.amazon.com/stores/ZTE/page/2E671287-F09D-4224-80DE-703EB13B7B62?ref_=ast_bln. Another link was provided to a ZTE site allegedly offering direct product sales, but the court could not uncover any information relating to product marketing by either entity from that site. *See* "ZTE Devices," *available at* https://ztedevices.com/en-us/.
[3] "Cricket ZTE Grand X3 User Guide," *available at* https://www.cricketwireless.com/entassets/zte_grand_x3_user_guide.pdf. The document is marked as copyright 2016 by Cricket Wireless LLC and ZTE Corporation. *Id.* at 2.
[4] ZTE USA "About Us," *available at* https://zteusa.com/pages/about-us.

factors relating to corporate governance and observation of corporate formalities in determining whether an entity is an alter ego. *In re Chinese-Manufactured Drywall Prods. Liability*, 753 F.3d at 546 (citing *Green v. Champions Ins. Co.*, 577 So.2d 249, 257–58 (La. Ct. App. 1st Cir. 1991)). Under an agency theory, "plaintiffs must demonstrate 'something beyond the subsidiary's mere presence within the bosom of the corporate family'" and must instead make a showing of control by the parent. *Admins. of Tulane Educ. Fund v. Biomeasure, Inc.*, 687 F.Supp.2d 620, 629–30 (E.D. La. 2009) (quoting *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999)).

Plaintiffs' allegations in the amended complaint do not show how ZTE Corp placed its product in the stream of commerce, much less whether this stream was sufficiently directed toward the forum state. The assertions and evidence they have produced in opposition to this motion are primarily based on ZTE USA's dealings. Additional jurisdictional discovery is warranted before the court can determine whether the latter's contacts can be imputed to ZTE Corp, and/or whether ZTE Corp was sufficiently involved in the marketing of its product towards the United States to permit an exercise of personal jurisdiction over it by this court. Accordingly, the court will hold the motion in abeyance while the parties engage in jurisdictional discovery.

## III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion to Dismiss [doc. 64] be **HELD IN ABEYANCE**. The parties are granted 90 days to engage in jurisdictional discovery, after which they will have 30 days to file supplemental briefs relating to the motion.

**THUS DONE AND SIGNED** in Chambers on the 25th day of May, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE